**American Construction, Inc.**, and American International Knitters Corporation, Petitioners/Appellees,

v.

Epifania **Salgado**, Department of Labor And Immigration, Thomas O. Sablan, Linn H. Asper, Commonwealth Health Center, and Office of The Attorney General, Respondents/Appellants.

Appeal No. 96-051
Civil Action No. 95-1043
November 20, 1997

Submitted on the briefs July 21, 1997

Counsel for Appellant: Robert B. Dunlap, Office of Attorney General, Saipan. Celeste E. Andersen, Department of Public Health Saipan.

Counsel for Appellee: Steven P. Pixley, Saipan.

BEFORE: TAYLOR, Chief Justice, VILLAGOMEZ and ATALIG, Justices.

PER CURIAM:

¶1 ■ The appellants appeal the Superior Court's order dated December 2, 1996, granting the appellee's request for a declaratory ruling that they are not liable for medical expenses incurred by Epifania Salgado during his hospitalization at the Commonwealth Health Center. This Court has jurisdiction pursuant to title 1, § 3102(a) of the Commonwealth Code. We affirm.

## DISCUSSION

¶2 ■ We review a trial court's review of agency action de novo. *Camacho v. Northern Marianas Retirement Fund*, 1 N.M.I. 362, 366 (1990).

¶3 ■ We adopt the factual findings and reasoning of the Superior Court which held:

> 1. When an employee's contract for employment has expired but that employee has filed a complaint with the Chief of Labor, there does not need to be a Labor Department hearing before that employee can be deemed to have been terminated;
>
> 2. An employer is responsible for medical coverage of a nonresident worker for up to 96 days after the date the employment contract has expired when that employee files a complaint with the Chief of Labor for alleged labor violations; and
>
> 3. An employer does not have an affirmative duty to advance a labor complaint such that a failure to do so constitutes a waiver of the employer's rights to have a Labor Department hearing within the thirty day period under 3 CMC § 4447(b).

## CONCLUSION

¶4 For the reasons set forth above, we hereby **AFFIRM** the Superior Court's order dated December 2, 1996.